UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRANDON JAMES RUBIO,<br><br>Plaintiff,<br><br>v.<br><br>MASON COUNTY JAIL ET AL.,<br><br>Defendants. | Case No. C25-5716-TSZ-SKV<br><br>ORDER ADDRESSING DISCOVERY-RELATED MOTIONS AND RENOTING OTHER PENDING MOTIONS |

There are several discovery-related motions pending in this matter, including Mason County Defendants' Motion to Stay Discovery, Dkt. 98, Plaintiff's Motion for Sanctions Pursuant to Fed. R. Civ. P. 37(e), Dkt. 110, and Plaintiff's Motion to Strike Defense Counsel's Improper Discovery Objections and Compel Discovery Responses, Dkt. 117. The Court, having now considered these motions, any responses, and the remainder of the record, herein finds and ORDERS as follows:

(1) Mason County Defendants seek to stay discovery in this matter pending resolution of their motion to dismiss. Dkt. 98. Plaintiff opposes the motion, noting, *inter alia*, that a stay in discovery would impair his ability to respond to a motion seeking dismissal on summary judgment. Dkt. 108.

The Court has broad discretionary powers to control discovery. *See Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988); *see also Dietz v. Bouldin*, 579 U.S. 40, 47 (2016) ("[D]istrict courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases."). Upon a showing of good cause, the court may deny or limit discovery. Fed. R. Civ. P. 26(c)(1)(A) (providing for a protective order to limit discovery for good cause, "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense").

Here, although pending for a considerable period of time, *see, e.g.*, Dkt. 1 (case initiated on August 14, 2025), this case nonetheless remains in early stages. Specifically, the Court effected service on only some of the defendants named in the First Amended Complaint, *see* Dkts. 13, 15-17, 39, 42, and has yet to consider the sufficiency of Plaintiff's proposed second amended pleading, Dkt. 60, three pending dispositive motions, Dkts. 61, 92, 94, and Plaintiff's motion to file a third amended complaint, Dkt. 89. Plaintiff has, moreover, already responded to the pending dispositive motions, *see*, *e.g.*, Dkts. 85-86, 88, 99-100, 102, 104-06, 113, and all of those motions are now ripe for review.

The Court finds good cause to stay discovery. That is, the Court finds the parties should not be further burdened by the time and expense associated with discovery until the Court has had the opportunity to consider Plaintiff's proposed second amended pleading, to resolve the pending dispositive motions and the motion to file a third amended pleading, and/or all properly identified defendants have had the opportunity to file answers to Plaintiff's claims. Once the Court lifts the stay on discovery, the parties will be positioned to more efficiently and effectively engage in the discovery process. Accordingly, Mason County Defendants' Motion to Stay

Discovery, Dkt. 98, is GRANTED and all discovery in this matter is stayed until the Court enters an order lifting the stay.

(2) The two remaining motions at issue in this Order also relate to discovery. *See* Dkts. 110 & 117. Because the Court has entered a stay on discovery, it herein STRIKES without prejudice to refiling Plaintiff's Motion for Sanctions Pursuant to Fed. R. Civ. P. 37(e), Dkt. 110, and Plaintiff's Motion to Strike Defense Counsel's Improper Discovery Objections and Compel Discovery Responses, Dkt. 117. **The Court notes that any such motions may not be refiled until the Court has lifted the stay on discovery.**

(3) As noted above, there are three dispositive motions and a motion to amend pending in this matter. Dkts. 61, 89, 92 & 94. The Court herein RENOTES those motions for consideration as of the date of this Order, **November 13, 2026**.

(4) The Clerk is directed to send copies of this Order to the parties and to the Honorable Thomas S. Zilly.

Dated this 13th day of November, 2026.

S. Kate Vaughan

S. KATE VAUGHAN
United States Magistrate Judge